**Jose Angel CAMPOS and wife, Florencia Campos, Appellants,**

v.

**YSLETA GENERAL HOSPITAL, INC., Pedro Ortega, d/b/a Ysleta Medical Clinic and Centro Medico Del Valle, Appellees.**

No. 08–91–00391–CV.

Court of Appeals of Texas, El Paso.

Aug. 19, 1992.

Rehearing Overruled Sept. 16, 1992.

David J. Kimmelman, Gage, Beach & Ager, El Paso, for appellants.

Jane R. Burruss, Akin, Gump, Hauer & Feld, James W. Cannon, Jr., Akin, Gump, Strauss H & F, Austin, Victor F. Poulos, Mayfield and Perrenot, El Paso, for appellees.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a directed verdict granted in favor of Appellees, Ysleta General Hospital, Inc., Pedro Ortega and Centro Medico Del Valle. Suit was originally filed by Appellants, Jose and Florencia Campos, against Appellees seeking damages for the death of their five-year-old son. Appellants sought damages based on theories of negligence and intentional or negligent infliction of emotional distress. We affirm.

## I. SUMMARY OF THE EVIDENCE

On September 29, 1988, Mrs. Florencia Campos attempted to obtain medical treatment for her ill son, Jose. Initially, Mrs. Campos sought medical treatment at Ysleta General Hospital. After arriving at Ysleta General Hospital, Mrs. Campos was told treatment would not be provided for her son unless she could demonstrate her ability to pay for the medical expenses. Because Mrs. Campos was unable to prove her ability to pay such medical expenses, Ysleta General Hospital refused to treat her son.

Upon leaving Ysleta General Hospital, Mrs. Campos took her son to Centro Medico Del Valle, a community health clinic. Once she arrived, Mrs. Campos was advised to complete the necessary paperwork before any medical treatment could be provided. A short time later, Mrs. Campos was advised there were no available examining rooms, but she could sit and wait in case one became available. Mrs. Campos perceived the conduct of personnel at the clinic to be a requirement to prove her ability to pay for medical expenses, thus, she decided to take her son elsewhere for medical attention.

Immediately after leaving Centro Medico Del Valle, Mrs. Campos took her son to R.E. Thomason General Hospital. Once admitted to the emergency room, Jose Campos was pronounced dead by emergency room personnel. The cause of death was respiratory arrest due to cerebral edema.

Appellants have brought this action claiming Appellees' refusal to provide medical attention constituted negligence and intentional or negligent infliction of emotional distress.

## II. DISCUSSION

On review, Appellants assert the trial court erred in two respects. First, Appellants claim the trial court erred in granting a directed verdict because there was sufficient evidence to raise an issue of material fact as to each and every element of all causes of action plead. Second, Appellants allege the trial court erred in excluding certain testimony.[1]

When reviewing the granting of a directed verdict, we must "determine whether there is any evidence of probative force to raise fact issues on the material question presented." *Valdez v. Lyman–Roberts Hosp. Inc.*, 638 S.W.2d 111, 114 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), *citing, Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978); *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649 (Tex. 1976). Such a determination requires us to consider only the evidence that favorably supports Appellants' position. All contrary evidence and inferences are to be disregarded. *Valdez*, 638 S.W.2d at 114.

If application of the above standard discloses that reasonable minds could differ as to the truth of controlling facts, error will be found in the trial court's refusal to submit the issue to the jury. *Collora*, 574 S.W.2d at 68. If, however, no evidence of probative force on an ultimate fact element exists, or the probative force of the testimony is so weak that only a mere surmise or suspicion is raised as to the existence of

---

1. We have carefully reviewed the record and find it unnecessary to address the issue relating to the exclusion of certain testimony. The record clearly indicates that the trial court overruled the objection to the admission of the evidence. Consequently, the evidence referred to in Appellants' brief was technically never excluded.

essential facts, the trial court's directed verdict will be affirmed. *University National Bank v. Ernst & Whinney*, 773 S.W.2d 707, 709–10 (Tex.App.—San Antonio 1989, no writ).

An analysis of both points of error in light of the above standard of review reveals two dispositive issues on appeal. In regard to the negligence cause of action, the issue can be narrowed to whether or not there is sufficient evidence of proximate cause to have justified the trial court's submission of the case to the jury. The second issue requires a determination of whether Appellants presented sufficient probative evidence regarding Appellants' emotional distress and whether such distress was proximately caused by Appellees' conduct.

## A. Negligence

■ In order to establish a material fact issue regarding negligence, it was incumbent upon Appellants to produce probative evidence as to each of the four elements of negligence—i.e., duty, breach, proximate cause and damages. *See El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex. 1987). If there is no probative evidence to support at least one element, Appellants cannot prevail on their negligence cause of action. In the instant case, we need only address the element of proximate cause. Indeed, a close review of the evidence that favorably supports Appellants' position reveals that the element of proximate cause is not supported by sufficient probative evidence. Thus, because there is no proximate cause, the existence or non-existence of the remaining elements is irrelevant.

■ In determining whether the trial court correctly directed the verdict in favor of Appellees, we must ascertain whether or not the negligence of Appellees, if any, proximately caused the death of Jose Campos. In order to establish proximate cause, Appellants must have introduced probative evidence regarding: (1) foreseeability; and (2) cause-in-fact. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). Foreseeability means that Appellants were required to show that Appellees should have anticipated the danger that resulted from their negligence. Cause-in-fact on the other hand, means that Appellants must have shown that Appellees' negligence was "a substantial factor in bringing about the injury and without which no harm would have occurred." *Id.* The facts in the instant case suggest that there was enough evidence to satisfy foreseeability, however, there was not sufficient probative evidence introduced by Appellants to establish cause-in-fact.

In regard to cause-in-fact, Texas courts have held that the "mere possibility that an act of negligence might have been the proximate cause of damages from a medical viewpoint is not sufficient to support recovery." *Valdez*, 638 S.W.2d at 114. In fact, proximate cause only exists if the evidence establishes a causal connection between the negligence and the injury. *Id.* Consequently, mere speculation or conjecture is not enough to establish such a causal connection.

The evidence Appellants introduced regarding cause-in-fact clearly failed to establish a causal connection between the conduct of each of the Appellees and the death of Appellants' son. The only evidence favorable to Appellants' position is testimony from two physicians. The physicians testified as follows:

[Physician No. 1]:

Q. If Dr. Smith told the mother that had the little boy arrived sooner, so that you all here in the hospital could have started treating him sooner, he might have lived, that would mean that there was a window of opportunity sometime before this little boy's arrival at the R.E. Thomason General Hospital, where someone tried to help him, he might have been saved. Correct?

A. Given the word "might," that is correct.

[Physician No. 2]:

Q. Doctor, do you have an opinion, assuming that such steroids could have been administered as much as 45 minutes in advance of this boy being presented to the Thomason Hospital, do you have an

opinion as to whether or not his chances of survival would have been improved? A. I am going to answer it by saying that sometime between the time the family left the home and the time the child died, that had he been given intravenous steroids and had been treated with supportive care, he would have had a chance.

The above testimony constitutes nothing more than "mere speculation or conjecture." As such, there was not sufficient probative evidence to warrant submission of the issue of negligence to the jury.

Appellants argue the testimony of the two physicians raises an issue of material fact regarding proximate cause. In support of this argument, Appellants rely on the factually similar *Valdez* case decided by the Corpus Christi Court of Appeals. In *Valdez*, the court held that a directed verdict was improper because there was sufficient evidence of proximate cause. Specifically, in *Valdez*, a physician testified, based on reasonable medical probability, that the decedent *could have* lived if the defendant hospitals had provided her with medical treatment. *Valdez*, 638 S.W.2d at 116.

■ Although the facts of *Valdez* are similar to the case before us, Appellants' reliance is misplaced. Indeed, the distinguishing factor present in *Valdez* is that the physician's testimony was based on reasonable medical probability. In the instant case, both physician's testimony was based on medical possibility, at best, rather than reasonable medical probability. *See Tilotta v. Goodall*, 752 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Mere medical possibility is not enough to establish proximate cause.

Based on the above facts, the trial court did not err in directing a verdict in favor of Appellees on the issue of negligence.

## B. Intentional or Negligent Infliction of Emotional Distress

In addition to pleading negligence, Appellants sought recovery for intentional or negligent infliction of emotional distress. In order to establish a material issue of fact as to these two theories of recovery, it was necessary for Appellants to present probative evidence regarding each element of both theories. A review of the law applicable to these two theories as well as a review of the record, reveals there was no probative evidence to support submission of either theory of recovery to the jury.

■ Intentional infliction of emotional distress and negligent infliction of emotional distress are recognized as independent theories of recovery in Texas. *See St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex.1987); *LaCoure v. LaCoure*, 820 S.W.2d 228 (Tex.App.—El Paso 1991, no writ). To recover for intentional infliction of emotional distress, it was necessary for Appellants to prove: (1) Appellees acted intentionally or recklessly; (2) Appellees' conduct was extreme and outrageous; (3) the actions of Appellees caused Appellants' emotional distress; and (4) the emotional distress suffered by Appellants was severe. *LaCoure*, 820 S.W.2d at 233. To prevail on their negligent infliction of emotional distress claim, Appellants needed to establish that Appellees were negligent and such negligence proximately caused severe emotional distress. *Boyles v. Kerr*, 806 S.W.2d 255, 261 (Tex.App.—Texarkana 1991, writ granted).

■ Both intentional and negligent infliction of emotional distress require proof of severe emotional distress and proximate cause. Severe emotional distress is generally defined as painful emotions such as grief, severe disappointment, indignation, wounded pride, shame, despair or public humiliation. *Worsham Steel Co. v. Arias*, 831 S.W.2d 81 (Tex.App.—El Paso 1992, no writ); *Havens v. Tomball Community Hospital*, 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied). While there is evidence in the record establishing that Appellants suffered such painful emotions, there is no probative evidence proving that such emotions were proximately caused by the conduct of Appellees.

After considering only the evidence that favorably supports Appellants' position, it is clear that any emotional distress suffered by Appellants resulted from the

death of their son. Since Appellants failed to produce probative evidence of causation between the death of their son and Appellees' conduct, there is no issue of material fact regarding at least one element of both theories of recovery. We overrule Appellants' point of error.

Having considered Appellants' points of error and the record before us, we hold the trial court's directed verdict was proper. Accordingly, the judgment of the trial court is affirmed.