NO. 07-00-0344-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 17, 2001

______________________________

JEREMYJAMES WILSON, APPELLANT

V.

CINCINNATI, INC., APPELLEE

_________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-503-161; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Jeremy James Wilson appeals from a summary judgment that he recover nothing by his action against Cincinnati, Inc.  By three issues, Wilson contends the trial court erred in granting summary judgment in favor of Cincinnati because (1) there is evidence of a design defect in Cincinnati’s Laser Center,  (2) there is evidence of a marketing defect in the Laser Center, and  (3) the evidence does not establish as a matter of law the alteration of the Laser Center was the sole proximate cause of his injuries.  Based upon the rationale expressed herein, we affirm. 

On August 21, 1996, Wilson was employed by Scott Manufacturing as a machine operator.  One of the machines that Wilson used in the scope of his employment is the CL-7 CNC Laser Center, which was designed and manufactured by Cincinnati.  The Laser Center is a large machine that is used to cut metal of varying thickness into various shapes with the use of a laser.  The laser itself is attached to a gantry that moves back and forth and side to side in order to move the laser into position to cut each piece of sheet metal.  As originally purchased by Scott Manufacturing, the Laser Center was equipped with a safety mat installed on the floor alongside the machine, which, when stepped on, would stop the movement of the gantry.  This fail-safe mechanism on the safety mat protected the operator of the Laser Center from either being struck by the gantry or from being pinned between the gantry and the control panel. 

The Laser Center was designed to allow either water or a coolant to flow in a regulated manner to cool the metal being cut by the laser.  The water or coolant would then run into a trough on the side and into a drain.  Sometimes, however, the drain would get clogged, causing the liquid to spill over onto the floor getting the safety mat wet and thus triggering the fail-safe mechanism which would shut the machine down.  Approximately one month before Wilson’s accident, this drain became clogged and production was shut down.  To keep production moving, the owner of Scott Manufacturing and one of his employees decided to bypass the safety mat and the protections it afforded by using alligator clips to rewire and disable the safety mat.  

On the day of his injury, Wilson leaned over the Laser Center to make certain that the laser was cutting a piece of metal correctly.  When he noticed the gantry moving toward him, he put both of his feet on the safety mat in an attempt to stop its movement.  However, the gantry did not stop and Wilson suffered severe injuries as a result of his body being crushed between the gantry and the control panel.  

Wilson now challenges the summary judgment granted in favor of Cincinnati contending that there is evidence of (1) a design defect, (2) a marketing defect, and (3) that the alteration by Scott to the Laser Center was not the sole proximate cause of his injuries.  We first set forth the applicable standard of review.

 STANDARD OF REVIEW  

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are: 

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. 

3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

 

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action.  Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d  671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1
st
 Dist.] 1996, writ denied).  When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious.  Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1
st
  Dist.] 1990, no writ). 

By this appeal, Wilson contends that the Laser Center has a design defect, a marketing defect , and also that the alteration by Scott to the Laser Center was not the sole proximate cause of his injuries.  The Supreme Court has adopted the Restatement (Second) of Torts section 402A (1965) as the rule applicable to defective products and imposes liability on the sellers of defective products that are unreasonably dangerous and cause damage to a user or consumer.   
See
 Restatement (Second) of Torts § 402A (1965); Armstrong Rubber Co. v. Urquidez, 570 S.W.2d 374, 375-76 (Tex. 1978).  Section 402A defines the cause of action as:

(1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer 
without substantial change in the condition
 in which it is sold.

Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996) (quoting from Restatement (Second) of Torts § 402A (1965)). 

 The law is clear that under this cause of action the product must reach the user or consumer 
without substantial change
 in the condition from which it left the manufacturer's or seller's possession.  
See
 Restatement (Second) of Torts § 402A(1)(b) (1965); 
Armstrong Rubber Co.
, 570 S.W.2d at 375.  Therefore, this Court must focus upon whether the Laser Center was defective and unreasonably dangerous when it left the control of Cincinnati and whether Wilson’s injuries were proximately caused by the defective condition.  We first consider the issue of proximate cause.

The matter of proximate cause is ordinarily a question of fact for the jury to determine, Najera v. Great Atl. & Pac. Tea Co., 146 Tex. 367, 207 S.W.2d 365, 367 (1948), but may, under limited circumstances, be a question of law where evidence is without a material dispute and where only one reasonable inference may be drawn therefrom.  Rodriguez v. Moerbe, 963 S.W.2d 808 (Tex.App.--San Antonio 1998, pet. denied).  The two elements of proximate cause are cause in fact and foreseeability.  Campos v. Ysleta Gen. Hosp., Inc., 836 S.W.2d 791, 794 (Tex.App.--El Paso 1992, writ denied).  Cause in fact denotes that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred.  
Id.
  Foreseeability means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others.  
Id.

 An alteration must be substantial in order to relieve the manufacturer or seller of liability, and not every change made to a product after it leaves the manufacturer will suffice to preclude liability.  Generally, only alterations or modifications not reasonably foreseeable by the manufacturer or seller are sufficient to preclude imposition of liability.  Ford Motor Co. v. Russell & Smith Ford Co., 474 S.W.2d 549, 556 (Tex.Civ.App.--Houston [14
th
 Dist.] 1971, no writ).  A substantial change or alteration is defined as meaning that the configuration or operational characteristics of the product are changed or altered by the affirmative conduct of some person in a manner that the defendant could not have reasonably foreseen would occur in the intended or foreseeable use of the product.  
See id
.
(footnote: 1)   

If the injury is caused by a substantially altered product as the result of the alteration rather than a defect existing at the time of manufacture, then the manufacturer is not liable for the injury.  In other words, the post-sale conduct of the user may be so unreasonable and unusual that the imposition of liability upon the manufacturer would produce an unfair result.  USX Corp. v. Salinas, 818 S.W.2d 473, 490 n.16 (Tex.App.--San Antonio 1991, writ denied).

Such is the case here.  The facts show that the Laser Center was not in the same condition as it was when it left Cincinnati’s control and had been significantly altered through the re-wiring of the safety mat.  From Cincinnati’s viewpoint, it was not foreseeable that someone would remove the protections afforded by the fail-safe mechanism on the safety mat.  Nor would it be fair to impose liability upon Cincinnati here, especially since Cincinnati had previously warned Scott Manufacturing of the dangers associated with operating the Laser Center without a safety mat in good working condition.  Indeed, the only reasonable inference that can be drawn from this accident is that Wilson’s injury would not have occurred but for the re-wiring of the safety mat.  Therefore, we overrule Wilson’s issue and hold that the sole proximate cause of his injuries was the re-wiring of the safety mat by Scott Manufacturing.  As such, our consideration of Wilson’s first two issues are pretermitted by our disposition of his third issue.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Also defined in 3 State Bar of Texas, Texas Pattern Jury Charges PJC 70.05 (1990).