**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11065
Conference Calendar
_____

DALE DEVON SCHEANETTE,

                              Plaintiff-Appellant,

versus

TIM CURRY, Tarrant County District Attorney, in his individual
and official capacity; CHARLES MALLIN, Chief of Appellate
Section, Tarrant County, in his individual and official capacity;
PATRICIA HATLEY, Deputy District Attorney, in her individual and
official capacity; EDWARD WILKINSON, Deputy District Attorney, in
his individual and official capacity,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-564
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Dale Devon Scheanette, Texas death row prisoner # 999440,

appeals the district court's dismissal of his 42 U.S.C. § 1983

suit pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  His civil

rights complaint alleged that the actions or inactions of several

prosecutors in the Tarrant County District Attorney's office

violated his federal constitutional rights and the Americans with

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Disabilities Act (ADA).  He also raised state law claims.  Our review is de novo.  See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Contrary to Scheanette's assertions on appeal, the defendants were absolutely immune from suit with respect to actions that were "intimately associated with the judicial phase of the criminal process."  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976).  Moreover, the district court was correct that Scheanette's claims were conclusional.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).  The dismissal of Scheanette's state law claims of negligence, negligent and reckless infliction of emotional distress, and false imprisonment is supported by the record.  See Skipper v. United States, 1 F.3d 349, 352 (5th Cir. 1993); Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993); Dillard Dep't Stores, Inc. v. Silva, 106 S.W.3d 789, 795 (Tex. App. 2003); Campos v. Ysleta Gen. Hosp., Inc., 836 S.W.2d 791, 795 (Tex. App. 1992).

Scheanette's appeal is without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit both count as strikes for purposes of 28 U.S.C. § 1915(g).  Scheanette has at least one other strike.  See Scheanette v. Thomas, No. 4:05-CV-208 (N.D. Tex. Apr. 8, 2005), aff'd, No. 05-10615 (5th Cir. May 26, 2006).  As he has at least three strikes

under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.