United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41759
Conference Calendar
_____

DALE DEVON SCHEANETTE,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; C. BISCOE, Individually and
in his official capacity Warden, WINDHAM SCHOOLS, Individually
and in their official capacity as unknown principle;
ADMINISTRATOR OF WINDHAM SCHOOL DISTRICT, Individually and in
their official capacity,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-17
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Dale Devon Scheanette, Texas death row prisoner # 999440,
appeals the dismissal with prejudice of his 42 U.S.C. § 1983 suit
as frivolous and for failing to state a claim upon which relief
could be granted.  Scheanette claimed that the denial of
educational opportunities to death row inmates violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal constitutional rights and the Americans with Disabilities Act (ADA).  He also raised state law claims.

Dismissals made pursuant to 28 U.S.C. § 1915A are reviewed de novo.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).  Scheanette's claim that he is being denied his equal protection rights because death row inmates do not have the opportunity to obtain a GED while other inmates do have that opportunity fails because inmates with different housing classifications are not similarly situated.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1985).  Sheanette's claim of supervisor liability is also without merit.  See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

As Scheanette offers no support for his argument that a death sentence constitutes "physical injury" under 42 U.S.C. § 1997e(e), his argument to that effect is without merit. See Williams v. Cain, 217 F.3d 303, 305 & n.2 (5th Cir. 2000). In addition, Scheanette fails to show that he is disabled within the meaning of the ADA.  See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997); 42 U.S.C. § 12102(2). The dismissal of his state law claims of negligence and reckless infliction of emotional distress is supported by the record. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Skipper v. United States, 1 F.3d 349, 352 (5th Cir. 1993); Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993).  His state law claim of

misrepresentation has been abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Scheanette's appeal is without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit both count as strikes for purposes of 28 U.S.C. § 1915(g).  Scheanette has at least one other strike.  See Scheanette v. Thomas, No. 4:05-CV-208 (N.D. Tex. Apr. 8, 2005), aff'd, No. 05-10615 (5th Cir. May 26, 2006).  As he has at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.