Jose Angel CAMPOS and wife, Florencia Campos, Appellants,

v.

YSLETA GENERAL HOSPITAL, INC., Pedro Ortega d/b/a Ysleta Medical Clinic and Centro Medico Del Valle and David Allen Smith, M.D., Appellees.

No. 08–93–00060–CV.

Court of Appeals of Texas, El Paso.

March 16, 1994.

Opinion after Abatement June 2, 1994.

Rehearing Overruled June 29, 1994.

Timothy Harrington, Gage Beach & Ager, Ann Crawford McClure, McClure and McClure, El Paso, for appellants.

James W. Cannon, Jr., Jane R. Burruss, Akin, Gump, Hauer & Feld, Austin, Ken Braxton, Jr., Kevin L. Williams, Office of General Counsel, Lubbock, Victor F. Poulos, Mayfield and Perrenot, El Paso, for appellees.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

LARSEN, Justice.

For the second time, events surrounding the tragic death of one small boy are before

this Court. Finding the trial court's order awarding attorneys' fees as sanctions failed to comply with the requirements of TEX. R.CIV.P. 13, we abate the appeal.

## FACTS

Jose Angel Campos, Jr., five years old, died of complications from an unchecked fever on September 29, 1988. His mother and uncle took the boy to Ysleta Medical Clinic, where they were apparently refused help.[1] The Camposes then went to Centro Medico Del Valle, where an attendant asked Ms. Campos to complete some forms and told her all examining rooms were full, so they would have to sit in the waiting area. Interpreting this as a refusal to provide service, Ms. Campos and her brother-in-law then took Jose to R.E. Thomason General Hospital's emergency room, where he was treated by emergency room physician David Allen Smith for approximately one-half hour before he was pronounced dead. Jose's parents hired the law firm of Gage, Beach & Ager, which brought a wrongful death suit based on these events. This first suit did not name David Allen Smith as a defendant.

The wrongful death suit went to trial. At a pretrial hearing, the Campos's lawyer belatedly tried to add a trial amendment for Jose's damages stemming from his conscious pain and suffering before death, a survival action. The trial court denied leave for plaintiffs to amend at that late date. After plaintiffs rested their case, the trial court granted a directed verdict, which this Court affirmed. In our opinion, we found that the trial court decision was correct because plaintiffs had presented no evidence that any act or omission of any defendant was a cause in fact of Jose Campos's death. *Campos v. Ysleta General Hospital, Inc.,* 836 S.W.2d 791 (Tex.App.—El Paso 1992, writ denied).

Nevertheless, on August 19, 1991, Jose Angel Campos and Florencia Campos again filed suit based upon their son's death against all the same defendants plus Doctor Smith. The second suit alleged a survival cause of action on behalf of the deceased

child, although it was not brought by his estate but by his parents in their individual capacities. All defendants filed motions for summary judgment based upon expiration of the two-year statute of limitations, and (except for Doctor Smith) judicial estoppel. Defendants also requested attorney's fees as sanctions under TEX.R.CIV.P. 13. The trial court granted summary judgment and sanctions of $21,500. On appeal, the plaintiffs challenge only the award of attorneys fees.

## STANDARD OF REVIEW

We review the trial court's award of sanctions under TEX.R.CIV.P. 13 only for abuse of discretion. *Whitaker v. Bank of El Paso,* 850 S.W.2d 757, 762 (Tex.App.—El Paso 1993, no writ). We will overturn such an award only when it is based upon an erroneous application of law or is unsupported by the evidence. *Id.*

## RULE 13 SANCTIONS

■ In their first two points of error, plaintiffs complain that the trial court's order does not comply with the mandates of TEX. R.CIV.P. 13. This, because the trial court failed to specify facts justifying its conclusion that the case was groundless, and brought in bad faith or for purposes of harassment. There is no doubt that TEX.R.CIV.P. 13 requires such specific findings:

> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed *except for good cause, the particulars of which must be stated in the sanctions order.* [Emphasis added].

It is equally clear that the order challenged here does not state the underlying facts upon which the court relied, nor even make a general finding of good cause. It only recites generally that:

> The Court, having considered the Motions and being of the opinion that said Motions should be in all things GRANTED, it is accordingly:

---

1. Doctor Ortega owns the clinic, but was at another facility performing surgery when the Campos family arrived. Ysleta General Hospital was no longer a functioning health facility on that date, but did own the land upon which the clinic stood.

ORDERED, JUDGED AND DECREED that Plaintiffs and Plaintiffs' Attorneys be and are hereby required to pay $3,500.00 to Defendants YSLETA GENERAL HOSPITAL, INC. and PEDRO ORTEGA d/b/a MEDICAL CLINIC, $13,000.00 to CENTRO MEDICO DEL VALLE and $5,000.00 to DAVID ALLEN SMITH, M.D. for sanctions imposed.

It was error for the trial court to enter this sanctions order without setting out the factors it relied upon in doing so.

Defendants argue, however, that plaintiffs waived this error by not objecting to the form of the order, or requesting the particular grounds for awarding sanctions be set out by the court. Two courts of appeals have held that complaining parties may waive the particularity requirement of Rule 13 if they fail to make a timely complaint; they further held that the trial court's failure to make particular findings may constitute harmless error. *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied); *Powers v. Palacios*, 771 S.W.2d 716, 719 (Tex.App.—Corpus Christi 1989, writ denied); TEX.R.APP.P. 52(a) and 81(b)(1). Other cases hold that the language of Rule 13 is mandatory, and failure to comply is an abuse of discretion, without addressing whether such error can be waived. *See GTE Communications Systems Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex.App.—San Antonio 1991, orig. proceeding); *Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 399 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Kahn v. Garcia*, 816 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding); *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ While agreeing that the issue may be waived under TEX.R.APP.P. 52(a), we believe that plaintiffs did make some attempt to draw the trial court's attention to the need for particularized findings.[2] Coupled with the clear and mandatory language of Rule 13,

we find plaintiffs did sufficiently bring the issue to the trial court's attention, and preserved their right to particularized findings on good cause as required by the rule.

### *REMEDY*

■ Having found error which was preserved, we must now decide what remedy is appropriate here. Existing caselaw is not dispositive on the point, but enlightens us by analogizing the finding of Rule 13 "particulars" to findings of fact and conclusions of law under TEX.R.CIV.P. 269 and 270:

A rule of civil procedure is interpreted by the same rules that govern statutes. When a rule is clear and unambiguous, we construe the language according to its literal meaning. [Citations omitted]. The language contained in rule 13 is clear and unambiguous. The rule provides that no sanctions may be imposed except for good cause and that the trial court must enumerate the particulars of the good cause in the sanction order. *The requirement that the court state its findings in the order is in lieu of the traditional findings of fact and conclusions of law which normally are filed in a trial on the merits in a nonjury case. These findings enable the appellate court to review the order in light of the facts found by the trial court. Without the findings required by Rule 13, effective review of the sanctions is unavailable because the sanctioned party would be unable to overcome the presumption that the trial court found necessary facts in support of its judgment. Curry,* 819 S.W.2d at 653–54. [Emphasis added].

We have previously been asked to take appropriate action where the trial court has not filed findings of fact and conclusions of law, where requested by Appellant and where necessary for a meaningful review of the judgment. In that situation, we abated the appeal and remanded to the trial court for entry of findings of fact and conclusions of law. *Rothwell v. Rothwell*, 775 S.W.2d 888, 890 (Tex.App.—El Paso 1989, no writ). We

---

**2.** We also note that this attempt was less than a model of clarity, and that it is a close question whether counsel's remarks preserve the error for review. Because plaintiffs' objections were made at the same time that defense counsel proffered a proposed order for the judge's signature, and because the requirements of Rule 13 are so apparent, we hold that counsel's protest sufficed here.

have done the same in a criminal case where the trial court failed to file mandatory findings after a *Jackson v. Denno*[3] hearing on the voluntariness of defendant's confession. *Avila v. State*, 856 S.W.2d 260, 262 (Tex. App.—El Paso 1993, no pet.). We find these cases very similar to the one here, and further find that abatement will best expedite a meaningful review of the trial court's decision on sanctions.

### CONCLUSION

We abate the appeal for a period of thirty days, and remand this cause to the trial court for proceedings consistent with this opinion and Tex.R.Civ.P. 13.

### OPINION AFTER ABATEMENT

The trial court having filed the particulars required by Tex.R.Civ.P. 13, we now examine the merits of its sanction order against plaintiffs and their attorneys. Plaintiffs' Points of Error One and Two deal solely with the trial court's failure to state the particulars supporting good cause to enter the sanctions award under Tex.R.Civ.P. 13. We overrule these points of error as moot.

■ Upon reviewing plaintiff's remaining points of error, we conclude that the Campos's second lawsuit was barred by both *res judicata* and the applicable statute of limitations, that the law in both areas was well settled at the time *Campos II* was filed, and that action was therefore groundless within the meaning of Tex.R.Civ.P. 13. We further conclude that the trial court's findings that *Campos II* was brought for purposes of harassment and in bad faith are supported by the record. We affirm the trial court's judgment.

### GROUNDS FOR ASSESSING SANCTIONS UNDER RULE 13

Tex.R.Civ.P. 13 provides:

The signatures of attorneys or parties constitute a certificate by them ... that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction....

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

■ The party seeking sanctions bears the burden of establishing its right to relief. *GTE Communications Systems Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex.1993). The party must prove that a suit was "groundless" as defined in Rule 13 and either brought in bad faith or for purposes of harassment. "Bad faith" is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Elbaor v. Sanderson*, 817 S.W.2d 826, 829 (Tex.App.— Fort Worth 1991, no writ).

■ In deciding if sanctions are warranted under the rule, the trial court examines the facts available to the litigant when the offending pleading was filed and whether the legal assertions were "warranted by good faith argument for the extension, modification, or reversal of existing law." *Home Owners Funding Corp. of America v. Scheppler*, 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ). Finally, the trial court must examine the credibility of the party or attorney against whom sanctions are requested, taking into consideration all facts and circumstances available at the time of the filing. *Id.*

### TRIAL COURT'S FINDINGS

After abatement, the trial court entered findings of fact and conclusions of law in

---

**3.** 378 U.S. 368, 389, 12 L.Ed.2d 908, 84 S.Ct. 1774 (1964).

support of its order granting sanctions. The fact findings were:

1. On September 29, 1988, Jose Angel Campos, Jr., died.

2. On November 8, 1989, Campos was represented by Gage.

3. On November 8, 1989, Campos, by and through their attorney of record, Gage, filed suit against Centro and Ysleta in County Court at Law No. 3 in and for El Paso County, Texas, Cause No. 89–11939 (Campos I) for the wrongful death of their son, Jose Angel Campos, Jr.

4. On July 31, 1991, a directed verdict in favor of Centro and Ysleta against Campos finding that there was no evidence of negligence by Centro and Ysleta in that suit in the death of Jose Angel Campos, Jr. was granted, thereby terminating Campos I.

5. On August 19, 1991, Campos continued to be represented by Gage.

6. On August 19, 1991, more than two years and ten months after the death of Jose Angel Campos, Jr. and after the directed verdict had been granted against them and in favor of Centro and Ysleta in Campos I, Campos through Gage, filed suit (Campos II) in the 120th Judicial District Court in and for El Paso County, Texas, Cause No. 91–9365 against not only Centro and Ysleta but Smith as well.

7. Campos II sought to recover damages for the death of Jose Angel Campos, Jr. as did Campos I. This suit involved the same death, the same parties or their privies, and the same counsel as did Campos I.

8. Campos appealed the motion for directed verdict in Campos I.

9. On August 19, 1992, the directed verdict in favor of Centro and Ysleta in Campos I was affirmed by the Eighth Court of Appeals. On February 24, 1993, the Supreme Court denied writ on Campos I.

10. Centro, Ysleta and Smith all filed motions for summary judgment in Campos II which this Court granted on February 11, 1992.

11. On October 19, 1992, the Eighth Court of Appeals dismissed Campos' appeal from the granting of the summary judgments in Campos II for want of jurisdiction.

12. On December 14, 1992, this Court entered rule 13 sanctions in favor of Centro, Ysleta and Smith against Campos and Gage for the filing of Campos II.

13. Campos and Gage were advised by counsel for Centro and Ysleta that the filing of a subsequent suit (Campos II) would be barred by the statute of limitations.

The conclusions of law were:

1. Campos I was a suit to recover damages by Campos against Centro and Ysleta for the wrongful death of Jose Angel Campos, Jr.

2. Campos II was also a suit to recover damages by Campos against Centro, Ysleta and Smith for the death of Jose Angel Campos, Jr. filed by the same parties or their privies using the same counsel.

3. The filing of Campos II was barred by Article 4590i Section 10.01, Vernon's Civil Statutes Annotated.

4. The doctrine of res judicata clearly applies to the facts of this situation.

5. The filing of Campos II was barred by the doctrine of res judicata.

6. The findings of fact and conclusions of law set forth above establish good cause for the entry of sanctions against Campos and Gage for the filing of Campos II.

7. The filing of Campos II was in bad faith without any concern for the state of the law or fact and was not warranted by a good faith argument for the extension, modification or reversal of existing law. Each act of bad faith alone warrants the imposition of sanctions as well as a combination of such acts and all the acts together.

8. The filing of Campos II was in bad faith without any concern for the state of the law or facts.

9. The filing of Campos II was for the purpose of harassment, a pattern perpetrated by Campos and Gage throughout Campos I and II.

### RES JUDICATA

Defendants urged upon summary judgment that *res judicata* barred the survival action as it presented the same issues and concerned the same parties as the wrongful death action. Defendants argued, therefore, that the survival action was groundless, brought in bad faith and for purposes of harassment; the trial court agreed. In Points of Error Three, Six, Seven, and Eight, plaintiffs Campos and their attorneys challenge this conclusion.

■■■■ Texas uses a transactional approach to *res judicata*. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). This means that a subsequent suit is barred by *res judicata* if it arises out of the same subject matter of a previous suit which through the exercise of diligence, could have been litigated in the prior suit. *Id.* We think that as to all the defendants named in *Campos I* (that is, everyone but Dr. Smith) *res judicata* clearly bars the survival action attempted in *Campos II*. The Camposes lost their first suit because they could not prove that any act or omission of any defendant was a cause-in-fact of their son's death. *Campos v. Ysleta General Hospital, Inc.*, 836 S.W.2d 791, 794 (Tex.App.—El Paso 1992, writ denied). To recover in the survival action for their son's conscious pain and suffering before death they would have to prove the same cause-in-fact. See TEX.CIV.PRAC. & REM.CODE ANN. § 71.001 et seq. (Vernon 1986); *Delesma v. City of Dallas*, 770 F.2d 1334, 1338 (5th Cir.1985). This they could not do, as the two cases involve the identical series of events and tort theories of recovery. Plaintiffs and their counsel had no basis in law or fact, or good faith argument for change in existing law, that would reasonably allow them to think otherwise. *Res judicata* clearly barred their survival action, and *Campos II* was groundless as a matter of law.

### STATUTE OF LIMITATIONS

■■■■ Also in their Points of Error Three, Six, Seven, and Eight, plaintiffs Campos and their attorneys challenge the trial court's conclusion that the survival action was groundless, in bad faith, and for the sole purpose of harassment because the statute of limitations had run. We find the applicable statute of limitations ran on September 29, 1990, two years after the day of Jose Campos's death. *Campos II* was not filed until August 19, 1991, almost three years after the child died. The Medical Liability and Insurance Improvement Act provides:

> *Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamphlet 1994) [Emphasis added].

Plaintiffs and their attorneys urge three reasons why the clear language of this statute might not apply to them, contending that these reasons were legitimate, arguable, and potentially valid, thus precluding Rule 13 sanctions. First, they claim that the tolling provision included in § 10.01 itself applies in their situation, because the Campos child was only five years old at the time his cause of action arose. Under this argument, however, the statute of limitations would *never* run in a situation where a child dies and therefore never reaches the age of fourteen. We find the tolling provisions for children under twelve was clearly not meant to apply in wrongful death or survival cases. This is not a potentially valid argument.

■■■■ Second, the Campos plaintiffs argue that TEX.CIV.PRAC. & REM.CODE ANN. § 16.-

062(a) (Vernon 1986) tolled the statute of limitations for twelve months after the child's death. That provision reads:

> The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.

In *Hill v. Milani*, 686 S.W.2d 610, 611 (Tex. 1985), however, the Texas Supreme Court specifically held that the "notwithstanding any other law" language in § 10.01 precludes any tolling of limitations that is not contained in the Medical Liability Act itself. *Id.* Although *Milani* addressed another provision tolling limitations, two courts of appeals following *Milani*, have specifically found that the Civil Practice & Remedies Code's 12–month tolling after death provision does not apply in medical malpractice cases under the Medical Liability Act. *Rascoe v. Anabtawi*, 730 S.W.2d 460, 461 (Tex.App.—Beaumont 1987, no writ); *Sanchez v. Memorial Medical Center Hospital*, 769 S.W.2d 656, 660 (Tex. App.—Corpus Christi 1989, no writ). The law in this area is clear, and the plaintiffs' argument on this issue is not potentially valid.

■ Finally, plaintiffs argue that one of their causes of action was not governed by the Medical Liability and Insurance Improvement Act, but was brought under TEX. REV.CIV.STAT.ANN. art. 4438a (Vernon 1976), which prohibits any employee of a general hospital from rendering emergency services based upon inability to pay. This theory was not contained in any pleading filed by plaintiffs, and appears for the first time in their appellate brief. The argument is waived. *Benefit Trust Life Insurance Co. v. Littles*, 869 S.W.2d 453, 468 (Tex.App.—San Antonio 1993, judgment set aside); *Hernandez v. Kasco Ventures, Inc.*, 832 S.W.2d 629, 634 (Tex.App.—El Paso 1992, no writ). Moreover, this identical argument was raised in *Campos I* and was determined adversely to the plaintiffs. That the applicable statute of limitations had run was well established. Points of Error Three, Six, Seven, and Eight are overruled.

## PLEADINGS

■ Plaintiffs complain in their Points of Error Four and Five that the sanctions imposed upon them in favor of Ysleta and Smith were not supported by the pleadings. They made no objection on this basis in the trial court, but raise the issue for the first time on appeal. It is waived. TEX.R.CIV.P. 274; *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981); *Littles*, 869 S.W.2d at 465; *Lakeway Land Co. v. Kizer*, 796 S.W.2d 820, 825 (Tex.App.—Austin 1990, writ denied). Points of Error Four and Five are overruled.

## CONCLUSION

■ The trial court's determination that the survival action brought by Jose Campos Jr.'s estate was frivolous, brought for purposes of harassment and in bad faith, is supported by the law and facts. The trial court did not abuse its discretion in entering a judgment awarding attorney's fees as sanctions here. We affirm the judgment.