11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Lynda Helton

Appellant

Vs.                   No.
11-00-00345-CV B Appeal from Hunt County

Richard A. Willner and
William A. Dudley

Appellees

 

Lynda
Helton (movant) filed a motion for sanctions under TEX.R.CIV.P. 13, contending
that Richard A. Willner and his attorney, William A. Dudley (respondents) filed
a pleading alleging causes of action against her which were Agroundless@ and which were brought in bad faith or for harassment.  After hearing evidence and argument of
counsel, the trial court denied the motion for sanctions.  Helton appeals,[1]
arguing that the trial court abused its discretion in denying sanctions.   We affirm.

                                                                Background
Facts

Willner
and Susan McBeath were never married; however, they lived together for 16 years
and were the parents of a young girl.  
When Willner and McBeath separated in 1995, Willner filed the first
lawsuit in Hunt County.  Among other
issues, that lawsuit dealt with the conservatorship of the child.  In December of that year, McBeath took the
child, moved to Nueces County, and filed the second lawsuit.  Among other issues, that lawsuit also dealt
with the conservatorship of the child. 
The district judge in the second lawsuit appointed Helton to serve as
attorney ad litem for the child.  In
1997, the Nueces County lawsuit was transferred to the Hunt County District
Court which had first acquired continuing jurisdiction over the conservatorship
of the child.








Respondents
then filed pleadings in Hunt County which alleged causes of action against the
child=s maternal grandparents and Helton, the
attorney ad litem for the child.  Helton
filed a motion for sanctions against Willner and Dudley, alleging that the
causes of action alleged against her were Agroundless,@ brought
in bad faith, and brought for harassment. 
All of the claims against the grandparents and the attorney ad litem
were severed for a separate trial, and the conservatorship dispute was tried to
a jury which found that Willner, the child=s father, should be appointed managing conservator of the child.  Willner then dismissed his claims against
the maternal grandparents and the child=s attorney ad litem.  

When
Helton urged her motion for sanctions, the trial court ruled that it did not
have jurisdiction to consider the motion for sanctions.  Helton appealed that ruling to the Dallas
Court of Appeals, and that court held in an unpublished opinion that the trial
court did have jurisdiction to rule on the motion for sanctions which had been
filed before the other issues were tried on their merits or dismissed.  After an evidentiary hearing in which Dudley
and another attorney who had represented Willner testified, the trial court
refused to impose sanctions.

                                                                  Issues
Presented

Helton
presents four issues for appellate review. 
The first issue is dispositive, and it reads in full as shown:

The Trial
Court abused its discretion in denying sanctions against Richard Willner and
Willner=s attorney, William A. Dudley, because Helton
proved that [they] filed a pleading against Helton that was groundless and
brought in bad faith, or was groundless and brought for the purpose of
harassment.

 

The other three issues[2]
need not be discussed.  See TEX.R.APP.P.
47.1. 

                                            Evidence
at Hearing on Motion for Sanctions

Helton=s lawyers explained to the trial court that
Helton was unable to attend the hearing on her motion for sanctions because of
serious illness, and they advised this court that she died before the oral
arguments in this court.  








Two of the
attorneys who had represented Willner were called as adverse witnesses by
Helton=s attorneys. 
Both of them testified that the pleadings which they filed were not
filed in bad faith or for harassment. 
Helton relies upon voluminous exhibits which were attached to her motion
for sanctions and which were offered into evidence at the hearing.  Respondents, Willner and Dudley, urged
hearsay objections to those exhibits. 
Some of the exhibits are unsigned copies of pleadings, and some of the
exhibits are identified as Apartial@ statements of fact.

Rule 13
refers to Aan appropriate sanction available under Rule
215-2b,@ and it also provides that courts shall Apresume that pleadings, motions, and other
papers are filed in good faith.@  Rule 13 sanctions shall not be
imposed Aexcept for good cause@ which must be stated in the order imposing
sanctions.

The trial
court announced in open court that it would screen the exhibits and that it
would exclude Ahearsay, self-serving statements and
irrelevant matters.@  We have reviewed the same exhibits as the
trial court, and we hold that they do not conclusively establish that the
pleadings were filed in bad faith or for harassment. 

                                                               Abuse
of Discretion

As this
court recently noted in Cone v. Fagadau Energy Corporation, No. 11-00-00003-CV,
slip op. at 11, 2001 WL 1663246, at *14 (Tex.App. - Eastland, Dec. 20, 2001, no
pet=n h.), the imposition of sanctions under Rule
13 is Awithin the discretion of the trial court,@ and an appellate court will set aside such a
decision Aonly on a showing of a clear abuse of
discretion.@  The
trial court was the fact finder at the hearing on the motion for sanctions, and
it was authorized to believe all or any part of the testimony of the
witnesses.  The exhibits which were
considered by the trial court do not compel a finding that respondents filed
the pleadings against movant in bad faith or for harassment.  See also Koslow=s v. Mackie, 796 S.W.2d 700, 704 (Tex.1990),
where the supreme court notes that the trial court, as fact finder, hears the
testimony and is able to view the demeanor of the witnesses. See also and
compare, Campos v. Ysleta General Hospital, Inc., 879 S.W.2d 67, 71 (Tex.App. -
El Paso 1994, pet=n den=d). 
The issue presented for appellate review is overruled.

                                                                 Frivolous
Appeal








Respondents
have asked this court to Aconsider an award of damages@ against movant pursuant to TEX.R.APP.P. 45.  That rule authorizes an appellate court to award damages against
an appellant if the court determines that the appeal was frivolous.  We find that movant brought her appeal in
good faith, and this court denies the request for damages under Rule 45.  

                                                                This
Court=s Ruling

The issue
presented for appellate review is overruled. 
The record shows that the trial court did not abuse its discretion in
refusing to grant movant=s motion for sanctions under Rule 13. 
This court denies respondents= request for damages under Rule 45.

The trial
court=s order is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

January 24, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[3]











[1]Counsel on appeal informed this court that Helton died
prior to oral arguments.  Pursuant to
TEX.R.APP.P. 7.1(a)(1), Helton=s name will be
used as the appellant in this case.





[2]In those issues, Helton argues that: (2) the trial
court abused its discretion in denying sanctions because she had overcome the
presumption that the pleadings were not groundless, not brought in bad faith,
nor for harassment; (3) the trial court abused its discretion in failing to
award her fees and expenses; and (4) she should receive appellate attorney fees
Awhich this court can take judicial notice.@





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.