COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

IN THE INTEREST OF:  J.A., JR.,

A MINOR CHILD.

§

§

§

§

§

No. 08-13-00253-CV

Appeal from

233rd District Court

of Tarrant County, Texas

(TC # 233-484891-10)

# **O P I N I O N**

This is an appeal from a Rule 13 sanctions order and an order dismissing a petition to modify in a suit affecting the parent-child relationship.  We begin by emphasizing that we are hampered in our review because we do not have a Reporter's Record, nor do we have the benefit of findings of fact and conclusions of law.  Appellee Mother has not favored us with a brief.

## **FACTUAL SUMMARY**

J.A., Sr. is the biological father of J.A., Jr. and the petitioner in a suit affecting the parent-child relationship filed September 21, 2010.[1]  Father sought appointment as the joint managing conservator with the right to determine the primary residence of the child.  The court signed an agreed order on October 6, 2010 by which the parties were named joint managing conservators

---

[1] The couple was not married but lived together with the child from the time of his birth.  Father filed suit to establish conservatorship because he feared Mother would relocate to her home state of Oregon.

with Mother was designated as the parent having the exclusive right to determine the primary residence of the child with a geographic restriction to Tarrant and contiguous counties.

In October 2012, the Office of the Attorney General initiated a child support review. Mother filed a waiver of service and agreed to appear. Father filed a general denial and did not appear at the negotiation conference which occurred on October 11, 2012. On April 10, 2013, the court conducted a hearing on the confirmation of a Non-Agreed Child Support Review Order issued pursuant to Chapter 233 of the Texas Family Code. The Clerk's Record indicates that Mother and Father attended this hearing and agreed to the order, entered that same day, which increased Father's child support and health care obligations.

On April 30, 2013, a mere twenty days later, Father filed a petition to modify in which he sought appointment as the joint managing conservator with the exclusive right to determine the primary residence of the child. Shortly thereafter, Mother filed an answer and a motion for Rule 13 sanctions, contending that the suit was groundless, brought in bad faith, and filed frivolously and for purposes of harassment. A hearing on the motion for sanctions was ultimately scheduled for July 1. Father's counsel filed a motion for continuance on June 24 because of a conflicting trial setting. But the record does not reflect that counsel set a hearing on the motion, nor is there any indication that the trial court ever considered it, and the record is devoid of an order. In any event, neither Father nor his attorney appeared and a sanctions order was entered. Father's motion to modify was dismissed and as a further sanction, he was ordered to pay $2500 in attorney's fees to Mother's counsel. The order does not state the particulars of the court's reasoning for granting sanctions. Father did not request findings of fact or conclusions of law, nor did he file any objection to the court's failure to articulate its reasoning.

2

Father brings four issues for review. In Issue One, he queries whether the trial court erred in dismissing his petition for modification. Issue Two complains that Father was not accorded the presumption that the pleading was filed in good faith while Issue Three asserts error in the trial court's failure to state the particulars of its reasons for imposing sanctions. Issue Four complains of the court's action in accepting and setting for hearing the motion for sanctions without a certification of conference or an agreed date for hearing. He does not challenge the amount of the sanctions awarded.

## STANDARD OF REVIEW

We review a trial court's determination of Rule 13 sanctions for an abuse of discretion. *GTE Communications v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993) (applying abuse of discretion standard to review of Rule 13 sanctions). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When imposing sanctions under Rule 13, the trial court's discretion is "limited only by the requirement that its order be just and that the sanction imposed be directly related to the harm done by the sanctioned conduct." *Bradt v. Sebek*, 14 S.W.3d 756, 761 (Tex.App.--Houston [1st Dist.] 2000, pet. denied.).

We also review decisions related to a suit affecting the parent child relationship under the abuse of discretion standard. *See Arredondo v. Betancourt*, 383 S.W.3d 730, 734 (Tex.App.-- Houston [14th Dist.] 2012, no pet.); *see also In re I.R.H.*, No. 04-12-00366-CV, 2013 WL 1850778, at *2 (Tex.App.--San Antonio May 1, 2013, pet. denied) ("A trial court's order of dismissal [of a petition to modify parent-child relationship] is also reviewed for abuse of discretion."). Under this standard, the reviewing court must uphold the trial court's ruling if it can find any basis in the record to support the ruling. *In re I.R.H.,* 2013 WL 1850778 at *2.

3

**DISMISSAL OF PETITION TO MODIFY PARENT-CHILD RELATIONSHIP**

In Issue One, Father challenges the trial court's order dismissing his petition after the sanctions hearing at which neither he nor his counsel was present. The grounds for dismissal as alleged by Mother were the same grounds as the motion for sanctions:

> Petitioner, [Father] filed a Petition to Modify Parent-Child Relationship on April 30, 2013 that is baseless, brought in bad faith and filed frivolously and designed to harass Respondent, [Mother].

### Was A Supporting Affidavit Required?

We begin with the question of whether Father's petition was filed pursuant to Section 156.101 or Section 156.102 of the Texas Family Code. Section 156.101 provides the grounds under which a court may modify an order that appoints the conservator of a child, establishes the terms and conditions of conservatorship, or provides for possession or access to a child. TEX.FAM.CODE ANN. § 156.101(a) (West 2014). Under Section 156.102, a party seeking modification of the exclusive right to determine the primary residence of a child *within one year* of a prior order is required to execute an affidavit containing, with supporting facts, one of three specific allegations:

> (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
>
> (2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or
>
> (3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

TEX.FAM.CODE ANN. § 156.102(b) (West 2014). Subsection (c) provides:

> (c) The court *shall deny the relief sought and refuse to schedule a hearing for modification under this section* unless the court determines, on the basis of the

4

affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

Father did not attach an affidavit to his motion. The motion to dismiss does not list this provision as a basis for dismissal and, as we have noted, we do not have a court reporter's record of the hearing.

The simple question we must first address is which order is controlling for the purpose of determining the timing of the modification action. If the 2010 order -- which specifies the terms and conditions of conservatorship -- controls, then Father did not need to attach an affidavit. But if the child support review order controls, then the affidavit was required.

This court has addressed the issue in *Giron v. Gonzalez*, 247 S.W.3d 302 (Tex.App.--El Paso 2007, no pet.). There, the couple participated in a negotiation conference on March 31, 2004 and subsequently entered into an agreed child support review order which was signed on April 5, 2004.

This order was not limited to child support. The parties were appointed joint managing conservators with Giron designated as having the exclusive right to determine the children's primary residence. The order provided for a modified standard possession schedule. Gonzalez filed for divorce in September 2004, requesting sole managing conservatorship. Giron defaulted and Gonzalez was appointed the sole managing conservator with the exclusive right to designate the children's primary residence. Giron brought a restricted appeal. The court noted that because Gonzalez sought to modify the designation of the primary residence within one year of the agreed order, he was required to attach a support affidavit. He failed to do so. Finding that error was apparent on the face of the record because there was no evidence to support the modification, the order was reversed and remanded.

5

The Eastland Court of Appeals has also addressed the applicability of a child support review order in this context. *See In re J.I.O.,* No. 11-05-00369-CV, 2007 WL 1644579 (Tex.App.--Eastland Jun. 7, 2007, no pet.). There, the review order entered on February 18, 2004, designated the parties as joint managing conservators with Mother having the right to determine primary residence of the child. A divorce decree was entered on September 3, 2004 confirming and continuing "in full force and effect" the child support review order. Father filed a modification suit on November 22, 2004, seeking to be named the conservator with the right to determine the primary residence of J.I.O. The court found that an affidavit was required because the modification action was filed within one year of both the child support review order and the divorce decree.

The child support review order here is far more limited. It contains the following:

**INFORMATION PURSUANT TO TEXAS FAMILY CODE § 105.006**

*233RD JUDICIAL DISTRICT COURT, TARRANT* County, Texas
*23348489110*

**PRIMARY JOINT MANAGING or MANAGING CONSERVATOR / OBLIGEE INFORMATION:**
Name: [Mother]
Residence Address: **************
Mailing Address (if different): **************
Social Security Number: **************
Driver License Number: **************
Home Phone: **************
Employer: **************
Employment Address: **************
Work Phone: **************


**JOINT MANAGING or POSSESSORY CONSERVATOR / OBLIGOR INFORMATION:**
Name: [Father]
Residence Address: **************
Mailing Address (if different): **************
Social Security Number: **************
Driver License Number: **************

6

Home Phone: **************
Employer: **************
Employment Address: **************
Work Phone: **************

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child is the 6th day of May 2027 (expected emancipation date of all minors).

The Court bas not ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code§ 105.006(c).

Other than reiterating the custodial designations, the order does not address any specifics, nor does it incorporate the prior order by reference. We therefore conclude that the modification action was not filed within one year of the order sought to be modified and that no affidavit was required. That leaves for discussion the tension between the propriety of the dismissal sanctions and the general rule that the moving party may not be defaulted.

## Was the Dismissal Proper?

This court has considered the issue previously in a modification proceeding where the facts were identical save for the Rule 13 pleadings. *In Slaughter v. Clement*, 64 S.W.3d 448 (Tex.App.--El Paso 2001, no pet), a modification hearing was set for trial in Odessa when Slaughter's attorney, H. Thomas Hirsch, was due in court in Midland for jury selection in a felony criminal trial. We recited the parties' versions of the facts. Hirsch was notified the Friday before the scheduled Monday modification hearing and attempted to contact Clement's attorney, Sydney Weaver, between 4 and 5 that afternoon. No one was in the office and Weaver had an unlisted home telephone number. He called her office again Monday morning and left a voice message advising of the conflict and that the modification trial would have to be passed. He went to the Ector County Courthouse on other matters and encountered the trial judge who would preside over the modification. Hirsch explained the conflict and that he had attempted to notify Weaver. The judge did not appear to oppose passing the setting and Hirsch left for

7

Midland.

Weaver's version differed. According to her, one of Hirsch's employees called the district clerk's office Monday morning and left a message about the 9 a.m. hearing. The caller indicated that the hearing would be cancelled, that Weaver was aware of Hirsch being out of town, and that Weaver had agreed to cancel the setting. Weaver and Clement were first informed of the message when they arrived at the courthouse for the hearing. Judge McCoy attempted to locate Hirsch to discern exactly what the conflict was and how to resolve the situation. When Hirsch was reached around 10 a.m., he informed the court and Weaver that the criminal matter had pled out earlier that morning. Hirsch was given the opportunity to return to Odessa for the trial later that morning. Around 11 a.m., the court noted for the record that Hirsch had failed to appear, and that he had previously informed the court and Weaver that he would not appear for the hearing that day. The matter was called for trial to the bench. Responsive testimony and documentary evidence was received from Clement concerning the relief Slaughter had requested. Testimony was also presented concerning attorney's fees.

The trial court denied Slaughter's petition for modification and awarded attorney's fees to Weaver. Slaughter appealed, alleging that a plaintiff/petitioner may not be defaulted; instead the court may only, after notice and hearing, dismiss her suit for failure to appear. We agreed. Citing *Smock v. Fischel,* 146 Tex. 397, 207 S.W.2d 891, 892 (1948); *Burger v. Young,* 78 Tex. 656, 15 S.W. 107, 107 (1890); and *State v. Herrera,* 25 S.W.3d 326 (Tex.App.--Austin 2000, no pet.), we noted that the trial court may not adjudicate the merits of a plaintiff's claim when she fails to appear for trial, but may only dismiss the claim for want of prosecution. The trial court's authority to dismiss for want of prosecution stems from Rule 165a of the Texas Rules of Civil Procedure as well as the court's inherent power. *Villarreal v. San Antonio Truck & Equipment,*

8

994 S.W.2d 628, 630 (Tex. 1999). Whether a court proceeds under Rule 165a or acts pursuant to its inherent authority, it may not dismiss a suit without providing the moving party notice and an opportunity to be heard. *Id.* We held that these same tenets apply under the Family Code to a suit for modification. Consequently, we reversed and rendered.

*Slaughter* was predicated upon Rule 165a. We must now consider whether the rationale of *Slaughter* applies when a party seeks dismissal under Rule 13 and the party opposite fails to appear. Mother's motion for sanctions specifically sought dismissal of the modification pleadings. Father's attorney had notice of the hearing and filed a motion for continuance. We cannot discern from the record whether he set the motion for hearing and the pleading itself does not contain a notice of hearing. Without a Reporter's Record we have no way of determining whether the motion was ever brought to the trial court's attention. We do have, however, an order by which the trial court specified that the suit was dismissed pursuant to Rule 13, which provides:

> ...If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction…

The court had before it a motion for sanctions seeking dismissal. Notice was given and a hearing was held. Father's suit was not dismissed on the merits by default; it was dismissed for violating Rule 13. We thus conclude that *Slaughter* does not apply and that the trial court did not abuse its discretion. We overrule Issue One.

**IMPOSITION OF SANCTIONS**

In Issues Two and Three, Father contends that the trial court's order imposing sanctions did not comply with the requirements of Rule 13. Issue Two complains that Father was not

given the presumption of good faith or the opportunity of discovery.[2]  Issue Three asserts that the trial court's failure to state with particularity the good cause underlying its finding that the petition was groundless and filed in bad faith or for the purpose of harassment is reversible error.

## Applicable Law

Rule 13 of the Texas Rules of Civil Procedure grants a trial court the authority to address frivolous filings.  Under this rule, a court shall impose an appropriate sanction available under Rule 215.2(b) upon a party and/or its representative when the court finds that a pleading, motion, or other paper is groundless and filed in bad faith or for the purpose of harassment.  Rule 13 prescribes that no sanction shall be imposed "except for good cause, the particulars of which must be stated in the sanction order."  *Id.*  Sanctions available under Rule 215.2(b) include the dismissal with or without prejudice of all or part of an action and the payment of attorney's fees.  *See* TEX.R.CIV.P. 215.2(b)(5)(8).

### Was Father Denied the  Good Faith Presumption or Prevented from Discovery?

We are mindful that a trial court may impose costs, including attorney's fees and expenses, in a suit affecting the parent-child relationship.  *See* TEX.FAM.CODE §§ 106.001 and 106.002.  A trial court has additional authority to impose attorney's fees and costs against the movant "if the court finds that a suit for modification is filed frivolously or is designed to harass a party[.]"  *Id.* § 156.005.  Unlike Rule 13, section 156.005 does not require the court to state with particularity the cause upon which its finding are based.  *Id.*  But the order here is clearly based upon Rule 13.  *See In re A.S.M.*, 172 S.W.3d 710 (Tex.App.--Fort Worth 2005, no pet.).

This issue cannot be decided in Father's favor based on the record before us.  Without a Reporter's Record we cannot ascertain whether Mother presented sufficient evidence to rebut the

---

[2]  Rule 13 specifies that "Courts shall presume that pleadings, motions, and other papers are filed in good faith."

presumption of good faith.[3]   Nor does the record reveal that Father attempted any discovery before the hearing.  There is no indication that Father filed a motion for new trial or a motion to reinstate based on these allegations.  Any error having been waived, we overrule Issue Two.

### Does the Failure to Articulate "Good Cause" Require Reversal?

Sanctions may be imposed under Rule 13 only for "good cause, the particulars of which must be stated in the sanction order."  This requirement is mandatory.  *Campos v. Ysleta General Hosp., Inc.*, 879 S.W.2d 67, 69 (Tex.App.--El Paso 1994, writ denied.) ("There is no doubt that TEX.R.CIV.P. 13 requires such specific findings[.]").  A trial court abuses its discretion by failing to comply with this requirement.  *Gomer v. Davis*, 419 S.W.3d 470, 477 (Tex.App.--Houston [1st Dist.] 2013, no pet.); *Campos*, 879 S.W.2d at 70.  Here, the trial court's sanction order notes only that Mother's Rule 13 Motion was "well taken."  The order provides no further insight into the trial court's reasoning for dismissing Father's action.  As the moving party, Mother had the burden of showing that Father's petition was groundless and filed in bad faith or to harass.  *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex.App.--Dallas 2003, no pet.).  But without a Reporter's Record or findings of facts, we have nothing to review.

Failing to fully comply with the particularity requirement of Rule 13 does not automatically warrant reversal.  The intermediate courts of appeals are divided on whether error may be waived.[4]  *Campos*, 879 S.W.2d at 70.  But this court has clearly spoken on the issue:

---

[3]  In Father's pleading filed twenty days after his child support obligations were increased, he sought to be appointed as the joint managing conservator with the exclusive right to designate the child's primary residence.  One reasonable inference is that he sought relief that would significantly alter or eliminate the child support obligations to which he had just agreed.

[4]  Compare *Alexander v. Alexander*, 956 S.W.2d 712, 714 (Tex.App.--Houston [14th Dist.] 1997, pet. denied); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.--Fort Worth 1992, writ denied); *Powers v. Palacios*, 771 S.W.2d 716, 719 (Tex.App.--Corpus Christi 1989, writ denied); *Gomer*, 419 S.W.3d at 478 (noting if sanctioned party "does not object to the form of the sanctions order, that party waives any objection to the absence of bad faith or harassment finding.") with *GTE Communications Systems Corp. v. Curry,* 819 S.W.2d 652, 654 (Tex.App.--San Antonio 1991, orig. proceeding); *Zarsky v. Zurich Management, Inc.,* 829 S.W.2d 398, 399 (Tex.App.--Houston

Having found error which was preserved, we must now decide what remedy is appropriate here. Existing case law is not dispositive on the point, but enlightens us by analogizing the finding of Rule 13 "particulars" to findings of fact and conclusions of law under TEX.R.CIV.P. 269 and 270:

> A rule of civil procedure is interpreted by the same rules that govern statutes. When a rule is clear and unambiguous, we construe the language according to its literal meaning. [Citations omitted]. The language contained in rule 13 is clear and unambiguous. The rule provides that no sanctions may be imposed except for good cause and that the trial court must enumerate the particulars of the good cause in the sanction order. *The requirement that the court state its findings in the order is in lieu of the traditional findings of fact and conclusions of law which normally are filed in a trial on the merits in a non-jury case. These findings enable the appellate court to review the order in light of the facts found by the trial court. Without the findings required by Rule 13, effective review of the sanctions is unavailable because the sanctioned party would be unable to overcome the presumption that the trial court found necessary facts in support of its judgment. Curry,* 819 S.W.2d at 653-54. [Emphasis added].

> We have previously been asked to take appropriate action where the trial court has not filed findings of fact and conclusions of law, where requested by Appellant and where necessary for a meaningful review of the judgment. In that situation, we abated the appeal and remanded to the trial court for entry of findings of fact and conclusions of law. *Rothwell v. Rothwell,* 775 S.W.2d 888, 890 (Tex.App.--El Paso 1989, no writ). We have done the same in a criminal case where the trial court failed to file mandatory findings after a *Jackson v. Denno* hearing on the voluntariness of defendant's confession. *Avila v. State,* 856 S.W.2d 260, 262 (Tex.App.--El Paso 1993, no pet.). We find these cases very similar to the one here, and further find that abatement will best expedite a meaningful review of the trial court's decision on sanctions.

*Campos,* 879 S.W.2d at 70-71. In the case at hand, Father made neither a timely objection to the form of the sanctions order nor did he file a request for findings of fact and conclusions of law as permitted by Rule 296. In accordance with the authorities cited above and this court's own determination in *Campos*, we conclude Appellant has waived error.

---

[14th Dist.] 1992, no writ); *Kahn v. Garcia,* 816 S.W.2d 131, 133 (Tex.App.--Houston [1st Dist.] 1991, orig. proceeding); *Watkins v. Pearson,* 795 S.W.2d 257, 260 (Tex.App.--Houston [14th Dist.] 1990, writ denied). This case was transferred to us from the Second Court of Appeals and pursuant to TEX.R.APP.P. 41.3, we must decide the case in accordance with its precedent. We have found no opinions from the Fort Worth Court of Appeals on this specific issue.

## VIOLATION OF TARRANT COUNTY LOCAL RULES

Finally, in Issue Four, Father complains that the trial court violated Tarrant County Local Rules sections 12.2 and 12.3, respectively, when it scheduled the sanctions hearing (1) without a certificate of conference, and (2) despite the moving party's failure to attempt to secure agreed dates for the hearing. *See* Tx.R. TARRANT CTY. Rule 4.01(12.2 and 12.3).

To preserve a complaint for appellate review, the record must show that the complaint was made first to the trial court in the form of a timely request, objection or motion. *See* TEX.R.APP.P. 33.1(a)(1). In the event a party fails to first bring the complaint to the trial court, "error is not preserved, and the complaint is waived." *In re P.M.G.*, 405 S.W.3d 406, 414 (Tex.App.--Texarkana 2013, no pet.). Because Appellant failed to bring his complaints to the attention of the trial court, these issues were not preserved for appeal. We overrule Issue Four and affirm the judgment of the trial court.

August 21, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.