

# NUMBER 13-21-00020-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CARRIE M. LEO, **Appellant,**

**v.**

TYLER C. THOMAS AND
NICHOLAS STACEY, **Appellees.**

## On appeal from the 444th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

Pro se appellant Carrie M. Leo appeals the trial court's order dismissing her causes

of action with prejudice and awarding sanctions against her in the amount of $10,000. We

affirm.

# I. BACKGROUND

On April 14, 2017, Leo entered into an agreement with appellees Tyler C. Thomas and Nicholas Stacey to house three of Leo's animals while Leo tended to personal matters. On August 22, 2017, Leo sued appellees in New York asserting "breach of chattel bailment, conversion, fiduciary breaching duty, fraudulent concealment by fiduciary, negligence, harm by way of defamatory injury to reputation, injurious falsehood, libel and slander." She also sought compensatory and exemplary damages.

On February 6, 2020, Leo filed an original petition in Cameron County against appellees asserting breach of contract, fraud, civil conspiracy, defamation, domestication of a foreign order, and violations of wildlife conservation laws. She sought compensatory and exemplary damages.

On July 9, 2020, the New York district court granted appellees' summary judgment motion and dismissed Leo's case in its entirety.

In Cameron County, appellees filed a special appearance challenging the trial court's jurisdiction, asserting that Leo lives in New York, her causes of action arose in New York and had been adjudicated and dismissed, and appellees did not have continuous and systematic contacts in Texas. Additionally, appellees filed a motion to dismiss stating that Leo was forum shopping by asserting the same causes of action in Texas that had been dismissed in New York. Lastly, appellees filed a motion to transfer venue to New York and an original answer generally denying Leo's claims.

On January 5, 2021, the trial court granted appellees' motion to dismiss Leo's causes of action and dismissed Leo's causes of action with prejudice. The trial court

2

further assessed sanctions in the amount of $10,000. This appeal followed.

## II.    DISMISSAL

By her first issue, Leo argues the trial court erred in dismissing her causes of action with prejudice. Specifically, she states that she "sought to have a Texas District Court assist in efforts to enforce an otherwise valid judicial order" from New York. She asserts "[t]here is not much of a difference or distinction in family/domestic relations cases when the parties are governed by the State that originated the action, yet a former spouse has moved to another State and believes that is enough to frustrate lawful compliance." We construe her argument as being that the Texas trial court has jurisdiction over this case that originated in a foreign state and can enforce a foreign order.

Leo does not, however, cite to legal authority or provide a substantive analysis of this issue in her complaint. *See Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck) (providing that the failure to cite legal authority or provide substantive analysis of the legal issue results in waiver of the complaint); *see also Vafaiyan v. State*, No. 13-18-00352-CV, 2019 WL 3820418, at *5 n.2 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, no pet.) (mem. op.) (providing that "[p]ro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure"). An appellant's brief must concisely state all issues or points presented for review and contain a clear and concise argument, including appropriate citations to authority and the record. TEX. R. APP. P. 38.1(h), (i). This requirement is not satisfied by "merely uttering brief conclusory statements, unsupported by legal citations." *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). "Bare

3

assertions of error without argument or authority waive error." *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.); *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that the appellate briefing requirements are not satisfied by merely uttering brief, conclusory statements unsupported by legal citations or substantive analysis). Because Leo has waived her complaint for our review due to inadequate briefing, we overrule her first issue.

### III.    SANCTIONS

By her second issue, Leo asserts the trial court abused its discretion by assessing sanctions against her because it failed to comply with Texas Rules of Civil Procedure 13. *See* TEX. R. CIV. P. 13 (setting out the rules and procedures that a trial court must follow to impose sanctions on a party).

### A.    Applicable Law

Sanctions may only be imposed for good cause under Rule 13, "the particulars of which must be stated in the sanctions order." *Id.*; *Rudisell v. Paquette*, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). The trial court's Rule 13 sanctions order must identify the specific acts or omissions on which the court based the sanctions. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 130 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A court must also include a statement of good cause in the Rule 13 sanctions order. *See Tarrant Restoration v. TX Arlington Oaks Apts., Ltd.*, 225 S.W.3d 721, 733 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.).

### B.    Discussion

The New York court dismissed Leo's case in its entirety. Thus, Leo attempted to

enforce a foreign judgment that did not exist. Here, the trial court's judgment recites the following: "Sanctions, pursuant to [Rule 13 of the Texas Rules of Civil Procedure], are assessed against [Leo] in the amount of $10,000.00 to [appellees]. Carrie Leo shall pay Tyler Thomas $5[,]000.00 within 45 days of this Judgment. Carrie Leo shall pay Nicholas Stacey $5,000.00 within 45 days of this Judgment."[1] The trial court did not detail the specifics justifying its imposition of sanctions. Yet, a trial court's failure to do so constitutes an abuse of discretion only if the sanctioned party brought the omission to the attention of the trial court. *See Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 70 (Tex. App.—El Paso 1994, writ denied) (providing that the complaining party may waive particularity requirement of Rule 13 if they fail to timely make a complaint). Here, Leo did not object to the trial court's failure to explain its ruling in its final judgment. *See id.* An appellant waives her right to complain of a trial court's failure to specify the grounds for its sanctions order if the appellant did not first bring the omission to the trial court's attention. *See* TEX. R. APP. P. 33.1; *Birnbaum v. Law Offs. of G. David Westfall, P.C.*, 120 S.W.3d 470, 475–76 (Tex. App.—Dallas 2003, pet. denied) (finding that although the trial court erroneously omitted detailed explanation of its basis for Rule 13 sanctions, appellant waived error by not calling it to the trial court's attention). Because Leo failed to make the trial court aware of the omission, she has waived any complaint on that basis. We overrule her second issue.[2]

---

[1] According to appellees, Leo was costing them thousands of dollars in legal bills for a frivolous lawsuit that had been adjudicated in New York.

[2] We dismiss Leo's pending motion before us requesting clarification as moot.

## IV. Conclusion

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
3rd day of March, 2022.

6